UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPA VALLEY TRIBE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES BUREAU OF RECLAMATION, et al.,<br><br>    Defendants. | Case No. 20-cv-05630-RS<br><br>**ORDER GRANTING MOTION TO TRANSFER** |

    Plaintiff Hoopa Valley Tribe is challenging certain actions the Secretary of the Interior is undertaking with respect to contracts between the government and local entities such as water boards, municipalities, and agricultural interests, for delivery of water from the Central Valley Project, a federal infrastructure project designed to provide water to large parts of Central and Southern California. Specifically, the Secretary is acting under the Water Infrastructure Improvements for the Nation (WIIN) Act of 2016 to effect the "conversion" of numerous renewable Central Valley Project water service contracts into no-term "repayment contracts."

    Hoopa contends the conversions process fails to comply with the Central Valley Project Improvement Act ("CVPIA"), as well as the National Environmental Protection Act ("NEPA"), and the Administrative Procedures Act ("APA"). Hoopa claims the conversions threaten its interests in The Trinity River, which is the Klamath River's largest tributary and flows through the Hoopa Valley Reservation within the Northern District. The Trinity is the source of the fishery "from which Hoopa has benefited since time immemorial." Hoopa asserts Congress and the

1   Department of the Interior have repeatedly acted to protect and enforce its rights in the Trinity

2   River fishery against damage from excessive diversion of water to the Central Valley.

3         The primary basis of the government's transfer motion is that two earlier-filed cases are

4   pending in the Fresno Division of the Eastern District that also challenge the contract conversions

5   as non-compliant with the CVPIA, NEPA, and the APA. See *North Coast River Alliance, et al. v.*

6   *Bernhardt, et al.*, E.D. Cal., Civil No. 1:16-cv-00307-DAD-SKO; *Center for Biological Diversity,*

7   *et al. v. Bernhardt, et al.*, E.D. Cal., Case No. 1:20-cv-00706-DAD-EPG. The government also

8   relies on the fact that all but four of the entities whose contracts are being "converted" are located

9   in the Eastern District, and that all conversions are being processed from Bureau of Reclamation

10  offices in that district. In opposition, Hoopa insists that the government has not made a sufficient

11  showing to overcome the deference due to its choice of venue.

12        A district court may grant a discretionary transfer to any other district where it might have

13  been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C.

14  § 1404(a). A motion for transfer under § 1404(a) requires the court to make an "individualized,

15  case-by-case consideration" and weigh multiple factors to determine whether transfer is

16  appropriate. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (citing

17  *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29-31 (1988)). The party moving to transfer under

18  § 1404(a) bears the burden of demonstrating the factors favoring transfer are met. *Id.* at 499.

19        The court may consider:

20  
21  (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.
22  
23  

24  *Jones*, 211 F.3d at 498–99. "No single factor is dispositive, and a district court has broad

25  discretion to adjudicate motions for transfer on a case-by-case basis." *Park v. Dole Fresh*

26  *Vegetables, Inc.*, 964 F.Supp.2d 1088, 1093 (N.D. Cal.2013) (citations omitted).

27        Here, as the parties are aware from oral argument, the Court's initial view was that the

28

balance of factors likely supported retention of the case in this district. Upon further consideration, however, the interests and efficiencies served by litigating this case in closer coordination with the other cases challenging the contract conversion, and in a venue with unparalleled experience and familiarity with the facts and legal issues, outweighs any factors that would favor denying transfer.[1] The motion to transfer is therefore granted.

The previously submitted motion to dismiss will not be decided prior to transfer. It and the recently filed motion for leave to intervene should be re-noticed, unless directed otherwise by the transferee court.

**IT IS SO ORDERED**.

Dated: December 21, 2020

RICHARD SEEBORG
United States District Judge

---

[1] Hoopa contends that it will be burdened by a requirement to obtain local counsel in the Eastern District, as its attorney, licensed only in Washington state, will have to apply for *pro hac vice* admission there. Counsel is already a member of the bar in this district, admitted under prior rules that did not require California State Bar membership. Rule 102(d) of the Eastern District Local Rules vests the court with discretion to permit exceptions to the rules "as it may deem appropriate and in the interests of justice." While it will be for the Eastern District to decide whether relief from the local counsel requirement is appropriate in these circumstances, Hoopa may apply for an exception.